No. 19,458.

C. E. HARTMAN, *Appellee*, v. EDWARD DICKINSON and
GEORGE W. MEGEATH, Partners, etc., *Appellants*.

SYLLABUS BY THE COURT.

MINING—*Failure to Inspect—Gas Explosion—Personal Injuries
—No Error in Record*. In an action on account of injuries
resulting from an explosion of gas in a mine, held that the
evidence was sufficient to support the judgment, that the in-
structions were not misleading, and that the amount was not
excessive.

Appeal from Crawford district court; ANDREW J.
CURRAN, judge. Opinion filed May 8, 1915. Affirmed.

*John J. Campbell*, of Pittsburg, and *A. M. Keene*, of
Fort Scott, for the appellants.

*C. A. McNeill, E. V. McNeill*, both of Columbus, *Fred
A. Walker*, of Weir, *F. B. Wheeler*, and *C. S. Denison*,
both of Pittsburg, for the appellee.

The opinion of the court was delivered by

MASON, J.: This is an appeal from a judgment for
$3000 recovered by C. E. Hartman against Edward
Dickinson and George Megeath, on account of injuries
alleged to have been received by him in consequence
of an explosion of gas, on September 26, 1910, in a
mine operated by them in which he was working.

The defendants were sued as partners. They main-
tain that the evidence conclusively shows that although
such a partnership had at one time existed, it had been
terminated prior to the date of the accident, by Me-
geath selling his interest. A written contract to that
effect, executed in 1908, was introduced. But a witness
stated that at a former trial of the case both defendants
had testified that in 1910 they were operating the mine.
This was sufficient to support a finding to that effect,
notwithstanding the introduction of the contract of
assignment.

The action was based upon the alleged failure of the defendants to comply with the statute reading:

"Mines generating fire-damp shall be kept free of standing gas, and every working-place shall be carefully examined every morning with a safety-lamp by an examiner or.fire-boss before miners or other employees enter their respective working-places. Said examiner or fire-boss shall register the day of the month at the place of the workings, and also on top, in a book which shall be kept in the weighmaster's office for such special purpose; and as proof of inspection, he shall daily record all places examined in said book, and in case of danger where fire-damp may have accumulated during the absence of any person or persons employed therein, said examiner or fire-boss must notify the miners or those employed therein, or those who may have occasion to enter such places. And the hydrogen or fire-damp generated therein must be diluted and rendered harmless before any person or persons enter such working or abandoned part of the mine with a naked light." (Gen. Stat. 1909, § 5006.)

The defendants insist that there was no evidence whatever that the statute was violated, or that, if so, the plaintiff was injured in consequence of the violation. The plaintiff and another witness testified that they had never seen any one examining the mine for gas, and knew nothing of any records of such examinations. The plaintiff had been working there but four days prior to his injury. How long the other witness had then worked there is not shown, but he testified that before the explosion he had "seen gas in that mine once in a while, maybe once every two or three nights." Their opportunity for observation was quite slender, and the effect of their negative testimony was but slight. But another witness testified that he was superintendent of the mine during September, 1910, and that no fire-boss was employed in the mine at that time. There was no evidence of any inspection, and the jury were justified upon the whole record in finding that none was made. As already indicated, there was some evidence of gas having previously been found in the mine, and there

Hartman v. Dickinson.

was room for the jury to infer that if an inspection had been made as required by law the existence of the gas which caused the explosion would have been discovered and the dangerous condition remedied in time to avoid the accident. Testimony was given tending to show that the air was good in the place where the plaintiff was injured, shortly before the explosion, but its weight was for the jury.

Complaint is made that an instruction was so worded that the jury might understand that if the defendants failed to comply with the law they were liable for any injury received by the plaintiff in the mine, regardless of any causal connection between the two matters. We can not regard it as open to that criticism. It instructed the jury that a failure of a mine operator to perform the duties required by the statute rendered him "liable for damages resulting directly therefrom."

It is contended that the judgment is excessive. There was evidence that the plaintiff's sight and hearing were permanently affected. The point is made that his age was not shown, but the jury saw him and could make a reasonable approximation. We do not consider the amount so large as to require reduction.

The judgment is affirmed.